UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MACON ELECTRIC COIL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:05CV2397 RWS |
| | ) | |
| AMPHENOL CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Defendant Amphenol Corporation's ("Amphenol") Motion to Transfer [#18]. Amphenol argues that this case should be transferred to the United States District Court for the District of Connecticut because the parties agreed to have this dispute heard in Connecticut and because the factors in 28 U.S.C. § 1404 weigh in favor of transferring this case. Macon Electric Coil, Inc., ("Macon") argues that there is no agreement between the parties to have this case heard in Connecticut and that the § 1404 factors weigh against transferring this case. I agree with Macon, and the motion to transfer will be denied.

### *There is no Agreement Between the Parties that this*
### *Case Should be Heard in Connecticut*

Macon and Amphenol have had an ongoing business relationship for many years. In December 2002, Macon and Amphenol initiated a Non-Disclosure Agreement to protect Amphenol's "Proprietary Information"[1] relating to a switch (a.k.a. "connector") it was developing for one of its customers. Following the execution of the Non-Disclosure Agreement through

---

[1] According to the agreement, "Proprietary Information" is information relating to the "drawings, specifications, manufacturing procedures and related documentation of a technical, financial, or business nature, including pricing and cost information" of the switches.

March 2003, Macon and Amphenol worked together to design, develop, and manufacture the switches.

The Non-Disclosure Agreement contains a forum selection clause which states, "Any disputes arising under or relating to this agreement, or the [Proprietary Information], shall be heard in the State of Connecticut and interpreted in accordance with its laws . . ."

The Non-Disclosure Agreement further provides that "[Macon] has an interest in using the [Proprietary Information] solely to manufacture and supply connectors to Amphenol, and/or customers of Amphenol which only Amphenol may designate in its sole discretion, at *prices and pursuant to terms and conditions which the parties intend to agree upon later . . .*" (Emhasis added).

In January and April 2004, Amphenol issued purchase orders to Macon requesting that Macon produce approximately 175,000 solenoid coils, which were a component of the switch that Amphenol had created for its customer. The purchase orders contain a law and forum clause that states, "this order shall be governed by the laws of the state from which the Buyer's order is issued."[2] The forum clause is silent as to where a suit may be initiated.

Macon alleges that in reliance on the purchase orders it spent money creating tooling and inventory. Macon alleges that Amphenol unilaterally breached the terms of the purchase orders, causing Macon to incur damages that are in excess of $75,000.

Amphenol now claims[3] that Macon's allegations against it are "related to" the Non-

---

[2] The orders were issued from Connecticut.

[3] The motion to transfer was filed four months after Amphenol removed this case from state court.

Disclosure Agreement and therefore the parties agreed to have this case heard in Connecticut. Specifically, Amphenol argues that the dispute relates to the "pricing and cost information" of the switches. In its reply brief, Amphenol alleges for the first time that Macon has breached the terms of the Non-Disclosure Agreement "by bringing this litigation in the State of Missouri [and] by attaching the Non-Disclosure Agreement and the purchase orders to the original Petition . . ."

Amphenol's arguments are not persuasive. First, Macon's claim in this case is for simple breach of contract. The Proprietary Information protected by the Non-Disclosure Agreement is not implicated.

Second, Amphenol's recent claim that Macon has breached the terms of the Non-Disclosure Agreement is belied by the fact that it has not file a counterclaim against Macon for the alleged breach, although it did counterclaim for alleged breach of the purchase orders.

Finally, the Non-Disclosure Agreement specifically states that "[Macon] has an interest in using the [Proprietary Information] solely to manufacture and supply connectors to Amphenol . . . at *prices and pursuant to terms and conditions which the parties intend to agree upon later . . .*" (Emhasis added). I take this to mean that the parties specifically excluded the terms of the supply contracts, i.e., the purchase orders, from the terms of the Non-Disclosure Agreement. That is, if the terms of the supply contracts were to be agreed upon later, then they cannot have been included in the Non-Disclosure Agreement. The purchase orders contain forum clauses that are silent as to where a suit may be initiated. Those forum clauses are controlling, and this case has been properly brought before this Court.

For the foregoing reasons, I find that the forum selection clause in the Non-Disclosure Agreement does not govern the issue of forum selection in this case. As a result, transfer

pursuant to § 1404 based on the forum clause is not warranted.  See Terra Int'l v. Mississippi Chem. Corp., 119 F.3d 688, 692 (8th Cir. 1997) ("Before a district court can even consider a forum selection clause in its transfer analysis, it must first decide whether the clause applies to the type of claims asserted in the lawsuit.").

### *The Factors of 28 U.S.C. § 1404 Weigh Against Transfer*

Under 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.  Gulf Oil Corp. V. Gilbert, 330 U.S. 501, 508 (1947).

Amphenol argues that Connecticut would be the most convenient forum because it has witnesses there and because Macon has witnesses in Missouri, Georgia, and Florida.  Amphenol's argument fails because it merely shows that Connecticut is one of four potentially convenient fora.  Amphenol has not shown that the balance in favor of transfer is strongly in its favor.  As a result, Amphenol's motion to transfer will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Amphenol's Motion to Transfer [#18] is **DENIED**.

Dated this 18th day of April, 2006.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE